HARTSHORN vs. JAMES GREEN's ADMINISTRATORS.

Evidence tending to show the ownership of a Promissory Note which is the cause of action in another than the plaintiff, is admissible.

A Court sitting as a Court of Law cannot, at the same time, exercise Chancery juris-diction.

This was an action brought in the District Court of Ramsey County, for the recovery of an amount claimed to be due the plaintiff from the defendants on a promissory note made by said Green, payable to Hartshorn, or bearer. A verdict was found for the plaintiff, and the defendant sued out a writ of Error from this Court.

AMES, WILKINSON & BABCOCK, Plaintiff's Attorneys.

RICE, HOLLINSHEAD & BECKER, Defendants' Attorneys.

COOPER, J. This was an action of assumpsit brought by W. Hartshorn, to recover the amount of a promissory note made to him by James Green, for the sum of $840 98.

The administrators of Green pleaded *non assumpsit*, and gave notice of set off. The defence set up under this plea and and notice was, first: That the plaintiff has no title to the note, having assigned it for a valuable consideration to W. H. Randall in trust for the benefit of his (Hartshorn's) creditors. This assignment took place in August, 1847. A further defence was, that the said plaintiff had been enjoined at the suit of Randall from proceeding to collect any claims due him, which injunction was still in force and remaining upon the record, to which the Court was referred. The District Judge, upon the last allegation being made, stayed, for the time being, the suit at law; entered upon his duties as Chancellor upon the Equity side of the Court, and made an order in the case of Randall against Hartshorn, the plaintiff below in this suit, that this suit be proceeded in to final judgment, and that the amount re-

covered, if anything, be paid to the receiver in the other suit named.

The defendant then offered in evidence the deed of assignment from Hartshorn to Randall, for the purpose of showing the title to the note sued upon to be in the latter; to be followed by proof, that the note had been in Hartshorn's possession, or under his control, from the time of the assignment to the time of trial; that he had refused to deliver it to the assignee; and that the defendants as administrators of Green had had notice from the assignee not to pay the note, unless to him.

The counsel for the plaintiff objected to the admission of the deed of. assignment, and the subsequent oral testimony proposed, because this particular note was not specified in said deed of assignment. The Court sustained the objection and overruled the offer.

The language of the deed is this: "The said W. Hartshorn hath granted, bargained, sold, assigned, transferred and conveyed, and by these presents does grant, bargain, &c. all goods, stock in trade, merchandise, skins, furs, debts due from the Indians; all assets, book accounts, claims, and demands of every nature and description whatsoever, due, belonging to, or to become due, owing or belonging to the said Wm. Hartshorn," &c. Thus, no note, book account, or other demand, was specified.

But this made no difference. The fact of title made no difference as to the overruling of this offer. It was legitimate testimony. The Court could not know how far it would go to sustain the fact of title in Randall, until it was received, and he therefore erred in refusing it. But, really, the title was the gist of the defence, and the order of the Court, saying that the cause should proceed to final judgment, in the face of all these circumstances, was also irregular, as it was greatly calculated to mislead the jury in regard to the legal effect of the proof admitted. It was a matter of no consequence in whom the title to the note was, if it was not in the plaintiff below: for under such a state of facts, he could not recover.

Another error complained of, but amounting in principle to the same thing, was, that the Court charged the jury as follows: "That the question of title to the said note, or whether it be-

longed to the plaintiff, or not, was a question not to be considered by them, as the Court had disposed of that matter by the order made on the Chancery case of Randall *vs.* Hartshorn, during the progress of the trial."

In this the Court likewise erred. Even had it possessed the power to create the happy union of the Court of Law and Equity, sitting as the same Court, in the trial of the same suit at law, the Court erred. For, if the order disposed of the question of title to the note at all, it vested it in the receiver, and the proof offered was legitimate to sustain such defence.

As before remarked, the whole gist of the defence was in the title to the note; and anything going to show that the title was not in the plaintiff, was admissible. Under the plea, this defence was perfectly available. Then, in the first place, the deed of assignment was improperly rejected: and, in the second, the charge of the Court to the jury was manifestly wrong.

The judgment is, therefore, reversed with costs, and a *venire facias de novo* awarded.